**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **YOLANDA RICHARDSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | **Judge** |
| **TCF NATIONAL BANK,** | ) | |
| **OTISA DAVIS,** | ) | **Magistrate Judge** |
| **CHICAGO POLICE OFFICERS** | ) | **Jury Demand** |
| **D. HUBBARD, STAR #11291,** | ) | |
| **R. WALKER, STAR #17330,** | ) | FILED: SEPTEMBER 2, 2008 |
| **B. ROBERTS, STAR #4566,** | ) | 08CV4971 |
| **Y. BANKS, STAR #3619,** | ) | |
| **A. KOGUT, STAR #4740,** | ) | JUDGE ZAGEL |
| **M. CLIFTON, STAR #9584,** | ) | MAGISTRATE JUDGE NOLAN |
| **Individually, and** | ) | EDA |
| **CITY OF CHICAGO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, YOLANDA RICHARDSON, by and through her attorneys,

Gregory E. Kulis and Associates, and complaining against the Defendants TCF NATIONAL

BANK; OTISA DAVIS; CHICAGO POLICE OFFICERS D. HUBBARD, STAR #11291; R.

WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A.

KOGUT, STAR #4740; and M. CLIFTON, STAR #9584, individually, and CITY OF

CHICAGO, states the following:

**JURISDICTION AND VENUE**

1.     This action is brought pursuant to the United States Constitution, specifically 42

U.S.C. §1983 and §1988, 28 U.S.C. §1331, §1332 and §1343, the laws of the State of Illinois,

and the Court's supplementary jurisdiction powers, to redress deprivations of the civil rights of

the Plaintiff and accomplished by acts and/or omissions of the Defendants.  Venue is proper in

this District under 28 U.S.C. § 1391(b) as all or most of the parties reside in this Judicial District,

certain defendants do business in the Northern District of Illinois, and the events giving rise to

the claims asserted herein occurred in this Judicial District.


**PARTIES**

2.      At all times relevant herein, the Plaintiff, YOLANDA RICHARDSON, was and is

a citizen of the United States and a resident of the City of Chicago.

3.      At all times relevant herein, the Defendant, TCF NATIONAL BANK, was and is

a wholly-owned subsidiary of TCF Financial Corporation, a financial holding corporation based

in Minnesota.  TCF NATIONAL BANK has a registered agent in Illinois and is licensed to

conduct business in Illinois.

4.      At all times relevant herein, the Defendant, OTISA DAVIS, was and is an

employee, agent and/or servant of the Defendant, TCF NATIONAL BANK acting within her

scope of employment.

5.      At all times relevant herein, the Defendant, Officer D. HUBBARD, Star # 11291,

was and is a duly appointed police officer of the Chicago Police Department acting within his

scope of employment and under color of law.

6.      At all times relevant herein, the Defendant, Officer R. WALKER, Star # 17330,

was and is a duly appointed police officer of the Chicago Police Department acting within his

scope of employment and under color of law.

7.     At all times relevant herein, the Defendant, Officer B. ROBERTS, Star #4566, was and is a duly appointed police officer of the Chicago Police Department acting within his scope of employment and under color of law.

8.     At all times relevant herein, the Defendant, Officer Y. BANKS, Star #3619, was and is a duly appointed police officer of the Chicago Police Department acting within his scope of employment and under color of law.

9.     At all times relevant herein, the Defendant, Officer A. KOGUT, Star #4740, was and is a duly appointed police officer of the Chicago Police Department acting within his scope of employment and under color of law.

10.     At all times relevant herein, the Defendant, Officer M. CLIFTON, Star #9584, was and is a duly appointed police officer of the Chicago Police Department acting within his scope of employment and under color of law.

11.     At all times relevant herein, the Defendant, CITY OF CHICAGO, was and is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Chicago Police Officers D. HUBBARD, STAR #11291; R. WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A. KOGUT, STAR #4740; and M. CLIFTON, Star #9584 (hereinafter "Defendant Police Officers").

## FACTS

12.     On or about September 6 and 7, 2006, the Plaintiff was an employee of the Defendant TCF NATIONAL BANK.

3

13.    On or about September 6, 2006, Defendant OTISA DAVIS, Corporate Investigator for Defendant TCF NATIONAL BANK, filed a case report with the Chicago Police Department accusing the Plaintiff of theft.

14.    On or about September 7, 2006, Defendant WALKER called the Plaintiff on the telephone and asked her to come to the Chicago Police Department, 5th District, 727 E. 111th Street, Chicago, Illinois.  Plaintiff complied with the Defendant's request and appeared at the police station.

15.    At the police station one of the Defendant Police Officers informed the Plaintiff that Defendant OTISA DAVIS and Defendant TCF NATIONAL BANK had accused the Plaintiff of stealing money from Defendant TCF NATIONAL BANK.

16.    The Plaintiff denied the accusations.

17.    The Defendant Police Officers D. HUBBARD, STAR #11291; R. WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A. KOGUT, STAR #4740; and M. CLIFTON, STAR #9584, arrested the Plaintiff and charged her with financial institution fraud.

18.    The Plaintiff had not violated any laws or committed any crimes.

19.    The Plaintiff had not committed financial institution fraud.

20.    There were no facts which gave Defendants OTISA DAVIS; and CHICAGO POLICE OFFICERS D. HUBBARD, STAR #11291; R. WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A. KOGUT, STAR #4740; and M. CLIFTON, STAR #9584 probable cause to arrest and/or charge the Plaintiff.

21.    The criminal charges against the Plaintiff were ultimately resolved in favor of the Plaintiff in a manner indicative of innocence.

4

22.     The Defendant TCF NATIONAL BANK terminated the Plaintiff from her employment with said bank subsequent to her arrest.

## COUNT I: SECTION 1983 FALSE ARREST

### AGAINST DEFENDANT CHICAGO POLICE OFFICERS D. HUBBARD, STAR #11291; R. WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A. KOGUT, STAR #4740; AND M. CLIFTON, STAR #9584

23.     Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth herein.

24.     Without any just cause or probable cause, the Defendants, Chicago Police Officers D. HUBBARD, STAR #11291; R. WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A. KOGUT, STAR #4740; and M. CLIFTON, STAR #9584, arrested the Plaintiff and charged her with financial institution fraud.

25.     The Plaintiff's arrest was in violation of the Fourth Amendment of U.S. Constitution.

26.     The aforementioned actions of the Defendants, Chicago Police Officers D. HUBBARD, STAR #11291; R. WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A. KOGUT, STAR #4740; and M. CLIFTON, STAR #9584, were the direct and proximate cause of the violations of the Plaintiff's constitutional rights.

27.     The actions of the Defendants were intentional, willful, wanton and malicious.

28.     As a direct and proximate consequence of said conduct of the Defendants, CHICAGO POLICE OFFICERS D. HUBBARD, STAR #11291; R. WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A. KOGUT, STAR #4740; and M. CLIFTON, STAR #9584, the Plaintiff suffered violations of her constitutional rights, emotional anxiety, fear, humiliation, monetary damage, pain and suffering.

5

WHEREFORE, the Plaintiff, YOLANDA RICHARDSON, prays for judgment in her favor and against the Defendant Chicago Police Officers D. HUBBARD, STAR #11291; R. WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A. KOGUT, STAR #4740; AND M. CLIFTON, STAR #9584, in an amount in excess of Twenty Thousand and 00/100 ($20,000.00) Dollars in compensatory damages and Fifteen Thousand and 00/100 ($15,000.00) Dollars, in punitive damages, plus attorney's fees and costs.

## COUNT II: SECTION 1983 DUE PROCESS VIOLATIONS

**AGAINST DEFENDANT CHICAGO POLICE OFFICERS D. HUBBARD, STAR #11291; R. WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A. KOGUT, STAR #4740; AND M. CLIFTON, STAR #9584**

29.     Plaintiff re-alleges paragraphs 1 through 28 as though fully set forth herein.

30.     The Defendant Chicago Police Officers D. HUBBARD, STAR #11291; R. WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A. KOGUT, STAR #4740; and M. CLIFTON, STAR #9584, deprived the Plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, submitting false charges as contained in the arrest report and criminal complaints; failing to adequately investigate the criminal accusations against the Plaintiff; and otherwise acting to deny the Plaintiff a fair trial.

31.     The acts described in the preceding paragraph were directed toward the Plaintiff, were intentional and material, and therefore were in violation of the Plaintiff's due process rights.

32.     By reason of the conduct of the Defendant Chicago Police Officers D. HUBBARD, STAR #11291; R. WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y.

BANKS, STAR #3619; A. KOGUT, STAR #4740; and M. CLIFTON, STAR #9584, the

Plaintiff was deprived of rights, privileges, and immunities secured to her by the due process

clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws

enacted therein.  Therefore, these Defendants are liable to the Plaintiff pursuant to Section 1983.

WHEREFORE, the Plaintiff, YOLANDA RICHARDSON, prays for judgment in her

favor and against the Defendant Chicago Police Officers D. HUBBARD, STAR #11291; R.

WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A.

KOGUT, STAR #4740; and M. CLIFTON, STAR #9584, in an amount in excess of Twenty

Thousand and 00/100 ($20,000.00) Dollars in compensatory damages and Fifteen Thousand and

00/100 ($15,000.00) Dollars, in punitive damages, plus attorney's fees and costs.


**COUNT III: INDEMNIFICATION CLAIM PURSUANT TO 745 ILCS 10/9-102**
**AGAINST DEFENDANT CITY OF CHICAGO**

33.    Plaintiff re-alleges paragraphs 1 through 32 as though fully set forth herein.

34.    Illinois law provides that public entities are directed to pay any tort judgment for

compensatory damages for which employees are liable within the scope of their employment

activities.

35.    Defendant Chicago Police Officers D. HUBBARD, STAR #11291; R. WALKER,

STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A. KOGUT, STAR

#4740; and M. CLIFTON, STAR #9584, are and/or were employees of the CITY OF CHICAGO

and who acted within the scope of their employment for the CITY OF CHICAGO in committing

the misconduct described herein.

WHEREFORE, should Defendant Chicago Police Officers D. HUBBARD, STAR #11291; R. WALKER, STAR #17330; B. ROBERTS, STAR #4566; Y. BANKS, STAR #3619; A. KOGUT, STAR #4740; and/or M. CLIFTON, STAR #9584 be found liable for the acts alleged above, Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against said Defendant Police Officers.

## COUNT IV: STATE OF ILLINOIS CLAIM FOR FALSE ARREST
## AGAINST DEFENDANT OTISA DAVIS AND TCF NATIONAL BANK

36.     Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth herein.

37.     At no time did the Plaintiff commit a crime against Defendant TCF NATIONAL BANK.

38.     At no time did Defendants OTISA DAVIS and TCF NATIONAL BANK witness the Plaintiff commit a crime nor was she committing a crime when the Defendants OTISA DAVIS and TCF NATIONAL BANK made false charges of theft and financial institution fraud against her.

39.     The Defendants OTISA DAVIS and TCF NATIONAL BANK made the criminal charges against the Plaintiff with the knowledge that the charges were false.

40.     At no time did the Defendants OTISA DAVIS and TCF NATIONAL BANK have reasonable grounds to believe that the Plaintiff had committed the crimes of theft and financial institution fraud.

41.     Based solely on the information provided by Defendants OTISA DAVIS and TCF NATIONAL BANK, the Defendant Police Officers arrested the Plaintiff.

42.     Defendants OTISA DAVIS and TCF NATIONAL BANK knowingly procured the arrest of the Plaintiff by filing the criminal complaint against her wherein they falsely alleged that Plaintiff had committed the crimes of theft and financial institution fraud.

43.     Pursuant to the false criminal charges filed by Defendants OTISA DAVIS and TCF NATIONAL BANK, Plaintiff was falsely arrested

44.     As a result of the actions of Defendants OTISA DAVIS and TCF NATIONAL BANK, the Plaintiff suffered anxiety, fear, embarrassment, loss of freedom, emotional distress, and monetary loss.

WHEREFORE, the Plaintiff, YOLANDA RICHARDSON, prays for judgment in her favor and against Defendant OTISA DAVIS and Defendant TCF NATIONAL BANK in an amount in excess of Twenty Thousand and 00/100 ($20,000.00) Dollars in compensatory damages plus costs.


## COUNT V: STATE OF ILLINOIS CLAIM FOR MALICIOUS PROSECUTION AGAINST DEFENDANT OTISA DAVIS AND TCF NATIONAL BANK

45.     Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth herein.

46.     Defendants OTISA DAVIS and TCF NATIONAL BANK alleged that the Plaintiff violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against the Plaintiff.

47.     Defendants OTISA DAVIS and TCF NATIONAL BANK made their allegations without probable cause and with malice.

48.     Defendants OTISA DAVIS and TCF NATIONAL BANK facilitated the prosecution of the Plaintiff by failing to conduct a proper investigation and/or by making false police reports.

49.     The underlying criminal charges against the Plaintiff were ultimately resolved in favor of the Plaintiff, in a manner indicative of innocence.

50.     As a result of the actions of Defendants OTISA DAVIS and TCF NATIONAL BANK, the Plaintiff suffered anxiety, fear, embarrassment, loss of freedom, emotional distress, and monetary loss.

WHEREFORE, the Plaintiff, YOLANDA RICHARDSON, prays for judgment in her favor and against Defendant OTISA DAVIS and Defendant TCF NATIONAL BANK in an amount in excess of Twenty Thousand and 00/100 ($20,000.00) Dollars in compensatory damages plus costs.


### COUNT VI: STATE OF ILLINOIS CLAIM FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### AGAINST DEFENDANT OTISA DAVIS AND TCF NATIONAL BANK

51.     Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth herein.

52.     Plaintiff re-alleges paragraphs 36 through 50 as though fully set forth herein.

53.     Illinois law recognizes a cause of action for intentional infliction of emotional distress, which makes unlawful certain and outrageous conduct that results in severe emotional distress and was intended or committed with a disregard of a substantial probability of causing such distress.

54.    Defendants OTISA DAVIS and TCF NATIONAL BANK intentionally caused Plaintiff severe emotional distress by directing, encouraging and participating in the conduct alleged herein.

WHEREFORE, the Plaintiff, YOLANDA RICHARDSON, prays for judgment in her favor and against Defendant OTISA DAVIS and Defendant TCF NATIONAL BANK in an amount in excess of Twenty Thousand and 00/100 ($20,000.00) Dollars in compensatory damages plus costs.


**COUNT VII: STATE OF ILLINOIS CLAIM FOR
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**AGAINST DEFENDANT OTISA DAVIS AND TCF NATIONAL BANK**

55.    Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth herein.

56.    Plaintiff re-alleges paragraphs 36 through 50 as though fully set forth herein.

57.    Illinois law recognizes a cause of action for negligent infliction of emotional distress where the breach of duty owed by the defendant directly to the plaintiff either endangers plaintiff's physical safety or causes plaintiff to fear for her own safety.

58.    Defendants OTISA DAVIS and TCF NATIONAL BANK owed Plaintiff a duty and breached that duty by causing Plaintiff severe emotional distress by directing, encouraging and participating in the conduct alleged herein.

WHEREFORE, the Plaintiff, YOLANDA RICHARDSON, prays for judgment in her favor and against Defendant OTISA DAVIS and Defendant TCF NATIONAL BANK in an amount in excess of Twenty Thousand and 00/100 ($20,000.00) Dollars in compensatory damages plus costs.

11

## COUNT VIII: *RESPONDEAT SUPERIOR*

## AGAINST DEFENDANT TCF NATIONAL BANK

59.    Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth herein.

60.    Plaintiff re-alleges paragraphs 36 through 58 as though fully set forth herein.

61.    The aforementioned acts of Defendant OTISA DAVIS were conducted in the scope of said Defendant's employment with Defendant TCF NATIONAL BANK and, therefore, Defendant TCF NATIONAL BANK, as principal, is liable for the actions of its employee under the doctrine of *respondeat superior.*

WHEREFORE, should the Defendant OTISA DAVIS be found liable for any claims alleged in this Complaint, the Plaintiff prays for judgment in her favor and against Defendant TCF NATIONAL BANK in an amount in excess of Twenty Thousand and 00/100 ($20,000.00) Dollars in compensatory damages plus costs.

## JURY DEMAND

The Plaintiff, YOLANDA RICHARDSON, requests a trial by jury.

Respectfully submitted,

/s/ David S. Lipschultz
GREGORY E. KULIS AND ASSOCIATES

David S. Lipschultz
GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830

12

Atty. No. 6277910